UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| JESSICA ANNE MARIE FOUST, | Case No. 2:23-cv-00168-MK |
| Plaintiff, | ORDER |
| v. | |
| FAUST, C/O OSCI; FREEMAN, C/O OSCI; HIGHBERGER, SUPERINTENDENT OF OSCI; COLETTE PETERS, Director of ODOC, | |
| Defendants. | |

AIKEN, District Judge.

Plaintiff, an adult in custody (AIC) with the Oregon Department of Corrections (ODOC), files suit pursuant to 42 U.S.C. § 1983 and alleges violations of her rights under the Eighth Amendment. The Complaint has been referred to the undersigned for review. Plaintiff's Complaint arguably states a claim for deliberate indifference against Correctional Officers Faust and Freeman. However, plaintiff's allegations against Superintendent Highberger and Director

- 1 -   ORDER

Peters are insufficient and the claims against them are dismissed with leave to amend at a later stage of the proceedings.

This Court must dismiss an action initiated by a prisoner seeking redress from a governmental entity or officer or employee, if the Court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). Dismissal of a pro se complaint for failure to state a claim "is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him to relief." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). The Court must construe pro se pleadings liberally and afford the plaintiff "the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). "Unless it is absolutely clear that no amendment can cure" defects in the complaint, "a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).

At all relevant times alleged in the Complaint, plaintiff was housed at the Oregon State Correctional Institution (OSCI) near Salem, Oregon. Plaintiff alleges that on June 27, 2021, the Salem area was experiencing extreme heat, and she began shaking and developed a severe migraine. Compl. ¶ 12. When offered a glass of water from her cellmate, plaintiff vomited and lost consciousness. *Id.* ¶¶ 13-14. Plaintiff's cellmate began yelling "Man Down!" and calling for medical assistance. *Id.* ¶¶ 14, 18. Plaintiff alleges that OSCI Officers Faust and Freeman were within earshot of her cell and ignored her cellmate's pleas for help. Instead, Officer Faust allegedly told plaintiff's cellmate to "shut up" and used profane language. *Id.* ¶¶ 15-17, 19.

Plaintiff became delirious and began to hallucinate, and the officers summoned medical attention only after an AIC orderly intervened. *Id.* ¶¶ 20-22. Plaintiff alleges that the delay in receiving medical care for heat stroke resulted in permanent injuries.

Construing plaintiff's allegations liberally, she arguably alleges claims for deliberate indifference against Officers Faust and Freeman. *See Farmer v. Brennan*, 511 U.S. 825, 847 (1994) (deliberate indifference is shown when a prison official knows that an inmate faced a "substantial risk of serious harm" and fails to take reasonable measures to abate the risk); *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (a showing of "deliberate indifference to serious medical needs" can support an Eighth Amendment claim).

However, plaintiff does not allege facts suggesting that either Director Peters or Superintendent Highberger knew that plaintiff experienced a substantial risk to her health or safety and intentionally disregarded that risk. Instead, plaintiff relies on the theory of supervisor liability to support her claims. Liability under § 1983 arises upon a showing of personal participation by each defendant, and a supervisor – such as the Superintendent or ODOC Director – is not liable for the constitutional violations of employees unless the supervisor "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Plaintiff must allege that each named defendant, through his or her own individual actions, violated plaintiff's constitutional rights.

Plaintiff's factual allegations against Director Peters and Superintendent Highberger are insufficient to support § 1983 liability and the claims against them are dismissed. If plaintiff discovers facts that implicate their individual liability during the pendency of this action, plaintiff may seek leave to amend the Complaint.

CONCLUSION

Plaintiff's claims against defendants Peters and Highberger fail to state a claim for relief under § 1983 and they are DISMISSED. This case will proceed against defendants Faust and Freeman.

IT IS SO ORDERED.

DATED this 13th day of March, 2023.

/s/Ann Aiken
ANN AIKEN
United States District Judge

- 4 -   ORDER